IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEWART PARTNERS INVESTMENT SOLUTIONS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 1:24-CV-1152-DAE |
| v. | § | |
| | § | |
| VINCENT CONNOR FUCHS, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

ORDER GRANTING PLAINTIFF'S OPPOSED MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO DISMISS FOR WANT OF PROSECUTION

Before the Court is Steward Partners Investment Solutions' ("Steward" or "Plaintiff") Motion for Voluntary Dismissal without Prejudice (Dkt. # 16), and Vincent Connor Fuchs's ("Fuchs" or "Plaintiff") Motion to Dismiss for Want of Prosecution (Dkt. # 18). After careful consideration of the filings and relevant case law, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendant's Motion.

BACKGROUND

Plaintiff filed its Complaint in this Court on September 24, 2024. (Dkt. # 1). It initially alleged that this Court had diversity jurisdiction under 28 U.S.C. § 1332. (Id. at 2.) And on February 13, 2025, in a Joint Rule 26(f)

Report, it reaffirmed that "[t]here are no outstanding jurisdictional issues," which Defendant contested. (Dkt. # 14 at 2–3.)

However, on May 11, 2026, Plaintiff filed its Motion for Voluntary Dismissal without Prejudice (Dkt. # 16). It asserted that "[it] has learned that diversity jurisdiction is lacking" because one or more members of Steward Partners, Holdings, LLC ("SPH"), which is the sole member of Steward Partners, is a citizen of the State of Texas. (Id. at 2.) On May 26, 2026, Defendant filed a Response in Opposition. (Dkt. # 17.) Plaintiff replied on June 2, 2026. (Dkt. # 20.)

Concurrently with his Response to Plaintiff's Motion, Defendant filed a Motion to Dismiss for Lack of Prosecution alleging that this Court should dismiss with prejudice (Dkt. # 18.) He argues that Plaintiff's contumacious conduct, the presence of aggravating factors, and the impropriety of a less severe sanction all militate in favor of dismissing with prejudice. (See id.) Plaintiff responded on June 9, 2026. (Dkt. # 21.) And Defendant replied on June 16, 2026. (Dkt. # 22.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for "lack of subject-matter jurisdiction." And when it becomes clear to a court that it lacks such jurisdiction, the Rules are clear that it must dismiss a case. See Fed. R. Civ. P. 12(h)(3). Both the U.S. Supreme Court and U.S. Court of Appeals for the Fifth Circuit are clear: dismissals for lack of subject

matter jurisdiction should be *without* prejudice. See, e.g., Durant v. Essex Co., 74 U.S. (7 Wall.) 107, 109–10 (1868) ("[I]t is the general practice in this country and in England, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decree that the dismissal is without prejudice."); Spivey v. Chitimacha Tribe of La., 79 F.4th 444, 449 (5th Cir. 2023) ("We've repeatedly insisted that a jurisdictional dismissal must be without prejudice to refiling in a forum of competent jurisdiction." (citation modified)); Greiner v. United States, 900 F.3d 700, 706 (5th Cir. 2018) ("[A] district court lack[ing] jurisdiction over [the plaintiff's] claims . . . [is] without authority to dismiss the claims with prejudice because a dismissal with prejudice is a final judgment on the merits of a case." (citation modified)); accord Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc., 544 Fed. App'x. 455, 456–57 (5th Cir. 2013).

Federal district courts primarily exercise subject matter jurisdiction on claims concerning federal questions (e.g., 28 U.S.C. § 1331) and where diverse parties have greater than $75,000 in controversy (e.g., 28 U.S.C. § 1332). Parties invoking a federal court's subject matter jurisdiction under § 1332 must be diverse (i.e., citizens of different states). See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806) (requiring complete diversity for federal courts' invocation of 28 U.S.C. § 1332); see also Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968) ("The concept of complete diversity requires

that all persons on one side of the controversy be citizens of different states than all persons on the other side.").

DISCUSSION

Regardless of how allegedly contumacious Plaintiff's conduct may have been (and the Court notes that it doubts whether sophisticated counsel would require almost two years to discover such jurisdictional defects, (see Dkt. # 18)), the Court is without jurisdiction to grant Defendant's requested relief. See Harrison, 404 F.2d at 272. Ultimately, this is so because Plaintiff and certain members of Defendant's sole member LLC are citizens of Texas. (See, e.g., Dkts. ## 16; 17; 18.) Any arguments about statutes of limitation or the effect, if any, of Plaintiff's alleged conduct on its ability to litigate its claim(s) in another forum are best made before a court that has subject matter jurisdiction. See Greiner, 900 F.3d at 706; (cf. Dkt. # 18.)

CONCLUSION

For the reasons above, Plaintiff's Opposed Motion for Voluntary Dismissal is **GRANTED**. (Dkt. # 16.) Its claims are **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion to Dismiss for Want of Prosecution is **DENIED**. (Dkt. # 18.)

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, October 1, 2026.



David Alan Ezra
Senior United States District Judge